IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00071 JMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT |
| vs. | ) | OF MOTION |
| | ) | |
| ZASHA BOTELHO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION

Defendant Botelho filed a motion to withdraw her guilty plea on April 12, 2006. Botelho's plea was entered pursuant to a Memorandum of Plea Agreement before District Judge J. Michael Seabright on October 24, 2005. The sole basis for Botelho's motion is that she was misled by her prior counsel, Suzanne Terada, who gave her inaccurate advice regarding her possible sentence. Botelho claims that Terada "misled, induced and coerced her into changing her plea" and informed her that her sentence "for the offense was much less than what has been indicated by the presentence report." (See Declaration of Counsel, ¶¶ 2 and 3 in support of Motion).

Given these allegations, Botelho has waived her attorney-client privilege with Ms. Terada, such that Ms. Terada may be interviewed, prepare an affidavit or declaration, and may be called as a witness for the hearing on Botelho's motion, if necessary.

In Laughner v. United States, 373 F.2d 326 (5th Cir. 1967), the Fifth Circuit addressed the attorney-client privilege indicating that it was intended to act as a shield, not as a sword. When defendant's former counsel was called as a witness at a § 2255 evidentiary hearing claiming ineffectiveness of counsel, defendant objected on the basis of the attorney-client privilege. In rejecting this contention, the Fifth Circuit Court of Appeals noted:

> We are met first with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this postconviction proceeding with respect to the factual issues raised by appellant's motion. Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of a duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.

373 F.2d at 327. See also, Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir.), cert. denied, 124 S. Ct. 536 (2003) (where a habeas petitioner raises a claim of ineffective assistance of

counsel, he waives the attorney-client privilege as to all matters raised in his habeas petition).

These holdings are also entirely consistent with the Hawaii Rules of Professional Conduct 1.6,[1] which provides:

> (c)  A lawyer may reveal information relating to representation of a client to the extent the lawyer reasonably believes necessary:
>
> . . . .
> (3)  to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge, civil claim, or disciplinary complaint against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>
> . . . .

Under the established case law, and the rules of professional conduct, it is clear that Botelho, by alleging that Ms. Terada misrepresented certain aspects of her sentencing guidelines, has waived her attorney-client privilege.

## CONCLUSION

Botelho by bringing her Motion to Withdraw Guilty Plea, has waived her attorney-client privilege with her counsel.  For the foregoing reason, the United States of America submits that

//

//

---

[1]  Local Rule 83.3 applies the Hawaii Rules of Professional Conduct proceedings in this Court.

3

the instant motion should be granted and the appended proposed Order issued by this Court.

   DATED:  April 18, 2006, at Honolulu, Hawaii.

          EDWARD H. KUBO, JR.
          United States Attorney
          District of Hawaii


          By   /s/ Beverly Wee Sameshima
           BEVERLY WEE SAMESHIMA
           Assistant U.S. Attorney