EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Beverly.Sameshima@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 4 2005

at _____ o'clock and _____ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00071 JMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date:  October 24, 2005 |
| | ) | Time:  10:00 a.m. |
| ZASHA BOTELHO, | ) | Judge:  J. Michael Seabright |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, ZASHA BOTELHO, and her attorney, Suzanne Terada, have agreed upon the following:

EXHIBIT B

1.    Defendant acknowledges that she has been charged in the Indictment with violating Title 21, United States Code, Sections 841(a)(1)and 841(b)(1)(A) and 846.

2.    Defendant acknowledges that the prosecution has filed on February 18, 2005, that "Special Information as to Prior Drug Conviction Pursuant to 21 U.S.C. § 851" (hereafter "Special Information") for the purpose of seeking enhanced sentencing under the relevant statutes and United States Sentencing Commission Guidelines.  As indicated in said Special Information (of which Defendant already has a copy), Defendant was convicted on or about July 8, 2001, in the United States District Court for the District of Hawaii in Cr. No. 00-187-003 HG for conspiracy to distribute and possess with intent to distribute heroin, a Schedule I controlled substance and cocaine, a Schedule II controlled substance, and for aiding and abetting in the possession with intent to distribute heroin, a Schedule II controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2.  Defendant was sentenced to a term of five years imprisonment.  Defendant hereby stipulates that the allegations contained in the Special Information are true and correct, that said prior federal felony drug conviction was her conviction, and that said prior federal felony drug conviction is valid and final as of the time she committed the federal offense charged herein and as of the present time.

2

3.    Defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney.

4.    Defendant fully understands the nature and elements of the crimes with which she has been charged.

5.    Defendant will enter a voluntary plea of guilty to Count one of the Indictment charging her with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.  The prosecution agrees to dismiss Count 2 of the Indictment after sentencing.

6.    Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

7.    Defendant enters this plea because she is in fact guilty of conspiring to knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers as charged in the Indictment and agrees that this plea is voluntary and not the result of force or threats.

8.    Defendant understands that taking into account the special information, the penalties for the offense to which she is pleading guilty include:

3

a.    up to life imprisonment and a fine of up to $8,000,000, plus a term of supervised release of not less than ten years and up to life;

b.    a minimum term of imprisonment of twenty years, and

c.    At the discretion of the Court, Defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is Defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is Defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.  If this is Defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the Defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).  In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty.  Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though

4

not require, the prosecution to withdraw from this agreement at its option.

9.    Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a.    On or about September 15, 2004, Defendant asked co-conspirator Jacqueline Silveyra to accept a parcel containing quantities of methamphetamine at Silveyra's residence and after receipt, deliver it to the Defendant. Silveyra agreed to accept the parcel in exchange for $1,000 and provided the Defendant with her address so that the parcel could be sent from the mainland and delivered overnight to Silveyra's residence. Defendant paid Silveyra $1,000 as they had agreed.

b.    On September 16, 2004, Silveyra was contacted by the Defendant who told her that the parcel would be delivered later that day by Airborne Express/DHL. Later that day, Defendant again contacted Silveyra to ask her to go to the offices of Airborne Express/DHL to pick up the parcel. Silveyra was unable to obtain the parcel on this date.

c.    On September 17, 2004, Silveyra again went to the offices of Airborne Express/DHL to pick up the parcel which had been received at the offices of Airborne Express/DHL in Honolulu and was addressed to: "JACKIE SILZEYRA, 259 #A Hobron

5

Ln, Honolulu, HI 96815." The addressee on the parcel was:  "Bob White, 16190 St. Charles St., Alameda, CA 94501." Officers of the Drug Enforcement Administration ("DEA") Airport Task Force had been called by the employees at Airborne Express/DHL to examine the parcel.  Silveyra consented to having the parcel opened by the DEA Airport Task Force officers.  The following items were recovered from the parcel and sent to the DEA Southwest Laboratory for analysis:  Exhibit 1, four clear plastic bags containing a white crystal substance wrapped in black tape; Exhibit 2, four plastic bags containing a white crystal substance wrapped in black tape; and Exhibit 3, two clear ziplock bags containing a white crystal substance wrapped in black tape.

        d.  A forensic chemist at the DEA Southwest Laboratory analyzed Exhibits 1 through 3.  The results of the laboratory analysis of Exhibits 1 through 3 are as follows:

| Exhibit No. | Substance | Purity |
|---|---|---|
| 1 | 220.8 grams (net weight) d-Methamphetamine HCl | 70% |
| 2 | 222.1 grams (net weight) d-Methamphetamine HCl | 74% |
| 3 | 886.9 grams (net weight) D-Methamphetamine HCl | 95% |

Defendant does not dispute the accuracy of the analysis conducted by the forensic chemist at the DEA Southwest Laboratory

and stipulates that the amounts and purities as determined by the DEA forensic chemist are true and correct.

        e.  Defendant admits that the methamphetamine which constitutes Exhibits 1 through 3 is the total amount of methamphetamine which is involved in the conspiracy and is the total amount for which she is responsible and agrees that this amount shall be used in calculating her base offense level under Sentencing Guideline Section 2D1.1.

        10.  Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

        11.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

        a.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.  Accordingly, the United States Attorney anticipates

7

moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if Defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

12.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

13.    The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, as indicated in subparagraphs "b" and "c" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraphs "b" and "c" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than specified in the the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

9

15.    The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.    The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16.    Defendant understands that by pleading guilty, she surrenders certain rights, including the following:

a.    If Defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial.    The trial could be either a jury trial or a trial by a judge sitting without a jury.    The Defendant has a right to a jury trial.    However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b.    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.    Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising

10

peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on her own behalf.  If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e.  At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

f.  At a trial, the Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity

11

and weight of the controlled substances as charged in the
indictment.

17.   Defendant understands that by pleading guilty, she
is waiving all of the rights set forth in the preceding
paragraph.  Defendant's attorney has explained those rights to
her, and the consequences of the waiver of those rights.

18.   Defendant and her attorney acknowledge that no
threats, promises, or representations have been made, nor
agreement reached, other than those set forth in this Agreement,
to induce Defendant to plead guilty.

19.   Should the Court refuse to accept this Agreement,
it is null and void and neither party shall be bound thereto.
The parties understand that the Court's rejection of any
stipulation between the parties does not constitute a refusal to
accept this Agreement since the Court is expressly not bound by
stipulations between the parties.

20.   Defendant understands that the prosecution will
apprise the Court and the United States Probation Office of the
nature, scope and extent of Defendant's conduct regarding the
charges against her, related matters, and any matters in
aggravation or mitigation relevant to the issues involved in
sentencing.

21.   The Defendant further agrees to be bound by this

12

plea agreement and <u>not</u> to seek a withdrawal of the guilty plea that she intends to enter or to withdraw from this plea agreement.

22.    Notwithstanding the previous paragraph, if, after signing this memorandum of plea agreement, the Defendant nonetheless decides not to plead guilty as provided herein, or if the Defendant pleads guilty but subsequently makes a motion before the Court to withdraw from the plea agreement and the Court grants that motion, the Defendant agrees that any statements that she makes to law enforcement agents or to the United States Attorney's Office for the District of Hawaii may be used against her in any trial brought against the Defendant.    The Defendant further agrees that any admission of guilt that she makes by signing this plea agreement or that she makes while pleading guilty as set forth in this agreement may be used against her in a subsequent trial if the Defendant later proceeds to trial.    The Defendant explicitly waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use

//

//

//

//

of statements made in this plea agreement or during the course of pleading guilty when the guilty plea is later withdrawn.

                    DATED:         OCT 2 4   , 2005, at Honolulu, Hawaii.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


FLORENCE T. NAKAKUNI
Chief, Drug/Organized
  Crime Section

BEVERLY WEE SAMESHIMA
Assistant U.S. Attorney

ORIGINAL SIGNED BY
_____
ZASHA BOTELHO
Defendant

ORIGINAL SIGNED BY
_____
SUZANNE TERADA, ESQ.
Attorney for Defendant

14