SUZANNE T. TERADA #2797
Charles R. Kendall Building
888 Mililani Street, Suite 300
Honolulu, Hawaii 96813
Telephone No. (808)533-0011



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 5 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>ZASHA BOTELHO,<br><br>       Defendant. | CR. No. 05-00071 JMS<br><br>**DECLARATION OF COUNSEL;**<br>**CERTIFICATE OF SERVICE** |

### DECLARATION OF COUNSEL

I, SUZANNE T. TERADA, declare as follows:

1. Your Declarant is an attorney licensed to practice law in the State of Hawaii;

2. Your Declarant makes this declaration upon personal knowledge except and unless stated to be upon information and belief;

3. Declarant was initially appointed as a CJA panel attorney to represent Defendant on or about April, 2000 in a federal criminal matter, Case No. 00-00187-03 HG, for 2 charges: 21 USC Section 846 and 21 USC Section 841 (a) (1).

4. In the above identified case, the first matter, Defendant cooperated, was debriefed by the government and was sentenced to jail time and supervised release.

5. In January, 2005, Declarant was contacted by Merilee, U.S. Probation regarding an Order to Show Cause ("OSC") for a revocation of the supervised release.

6. Your Declarant subsequently served as local counsel to a California attorney, Dennis Roberts, who entered a pro hac vice appearance regarding the OSC.

7. The OSC was heard on or about the same day as the return on the indictment on the case herein.

8. In February, 2005, Declarant reviewed 21 USC Sections 841 (a) (1) and (b) (1) (A) and 846 with defendant and reminded her that these sections were the same as last time. Declarant reminded defendant that there was a 20 year mandatory minimum statutory sentence but discussed cooperation as a way to a downward departure and the guidelines. Declarant advised that Declarant didn't know the impact of the revocation on the guidelines but informed defendant that Declarant would provide the guidelines without considering the revocation.

9. On or about February 25, 2005, Declarant reviewed the statutes, including the penalties, with Defendant. Declarant then proceeded to listen to Defendant discuss the events of the allegations, Jacqueline Silvera, and Ricky. Declarant and Defendant discussed possible cooperation and debriefing for approximately one hour.

10. In March, 2005, Defendant gave birth to a beautiful baby girl. Declarant assisted the family with communications in regards to the baby.

11. In April, 2005, Declarant reviewed the written discovery with Defendant and, pursuant to Defendant's request, transmitted the file (without keeping a copy), to California counsel. At this time it was anticipated that a debriefing would be scheduled with Chris Cockett.

12. The audio cassettes identified in the written discovery were requested and Chris Cockett provided 2 audio cassettes in August, 2005.

13. Although there were some procedural difficulties with playing the audio tapes at the FDC, defendant was able to listen to the tapes with Declarant on or about September, 2005. It was anticipated that a debriefing would be scheduled with Chris Cockett and, based upon that cooperation, a letter dated September 14, 2005 was generated setting forth guidelines based upon the cooperation. Declarant had previously advised defendant that this did not include the impact of the revocation. The September 14, 2005 letter did not include the mandatory minimum statutory term of 20 years imprisonment because it was based upon an anticipated debriefing and Defendant 's cooperation.

14. Because there were some inconsistencies in Defendant's statements, Declarant did not immediately schedule the debriefing. It was anticipated that a debriefing could be scheduled after a change of plea.

15. A change of plea was scheduled for October, 2005.

16. A copy of the proposed memorandum of plea agreement had been mailed to Defendant in advance of the hearing.

17. Declarant and defendant reviewed the memorandum of plea agreement in the morning of the change of plea hearing, including the mandatory minimum twenty year term and the guideline range for cooperation.

18. Among other things, Declarant and Defendant also discussed the acceptance of responsibility; that it was her voice on the tape and Jacqueline Silvera and Jacqueline Silver's boyfriend would certainly testify against her.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, _____5-5-06_____.

_____
Suzanne T. Terada

U.S.A. vs. Botelho; Cr. No. 05-00071 JMS: Declaration of Counsel

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 05-00071 JMS |
| Plaintiff, | ) ) ) | **CERTIFICATE OF SERVICE** |
| vs. | ) ) ) | |
| ZASHA BOTELHO, | ) ) | |
| Defendant. | ) ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a file marked copy of the foregoing will be duly served upon the parties identified below.

BEVERLY SAMESHIMA
Assistant U.S. Attorney
300 Ala Moana Blvd., Rm. 6-100
Honolulu, Hawaii 968450

Attorney for Plaintiff
UNITED STATES OF AMERICA

ALVIN KAOHU NISHIMURA
P.O. Box 4510
Kaneohe, Hawaii 96744-8510

Attorney for Defendant
ZASHA BOTELHO

DATED: Honolulu, Hawaii, _May 5, 2006_.

_____
Suzanne T. Terada