IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00071 JMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | WITHDRAW GUILTY PLEA |
| ZASHA BOTELHO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING  DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA

I.  INTRODUCTION

Defendant Zasha Bothelho entered a guilty plea to a drug conspiracy charge on October 24, 2005.  She now seeks, prior to sentencing, to withdraw from that guilty plea, claiming that her attorney utterly failed to inform her that she was facing a mandatory minimum term of imprisonment of twenty years.  On May 15 and June 1, 2006, the court received oral testimony from defendant and defendant's former counsel, Honolulu attorney Suzanne T. Terada ("Terada").  After reviewing the motion, the supporting and opposing memoranda, the

testimony of the witnesses, and the arguments of counsel, the court DENIES the

motion to withdraw the guilty plea.

## II.  BACKGROUND

On February 17, 2005, defendant was charged in a two-count

indictment with conspiracy to knowingly and intentionally distribute and possess

with intent to distribute 500 grams or more of a mixture and substance containing

a detectable amount of methamphetamine (count 1) and attempting to possess with

intent to distribute 500 grams or more of a mixture and substance containing a

detectable amount of methamphetamine (count 2).  On February 22, 2005, Terada

was appointed by the court to represent defendant under the Criminal Justice Act.

On that same date, defendant entered pleas of not guilty to the charges contained

in the indictment.

On February 18, 2005, the United States filed a "Special Information

as to Prior Drug Conviction Pursuant to 21 U.S.C. § 851."  This pleading notified

defendant that the United States intended to rely on defendant's prior federal

felony drug conviction to support its claim that defendant was subject to increased

punishment, "including an increased mandatory minimum term."

Pursuant to a plea agreement, defendant entered a plea of guilty to count 1 of the indictment on October 24, 2005.  In return for her plea of guilty to count 1, the United States agreed to dismiss count 2 of the indictment at the time of sentencing.

In the written memorandum of plea agreement, defendant acknowledged that the United States had filed the "Special Information" for the purposes of seeking enhanced sentencing.  The plea agreement contains a recitation of the possible penalties, stating that defendant could be sentenced "up to life imprisonment" and that she faced "a minimum term of imprisonment of twenty years."  Plea agreement at ¶ 8.

During the change of plea proceeding, defendant was sworn to answer all questions truthfully.  Defendant stated that her mind was clear, that she had sufficient time to discuss her case and decision to plead guilty with Terada, that she was satisfied with Terada's representation of her, that she had read and understood the plea agreement, and that she went over the plea agreement with Terada.  When asked to recite the maximum penalties that may apply, the Assistant U.S. Attorney stated that based on the filing of the Special Information, "Ms. Botelho is looking at a minimum mandatory term of imprisonment of 20

years and a possible life term." 10/24/05 transcript at 8. Defendant then

confirmed that she understood that she could be sentenced up to life in prison.

When asked by the court if she understood that "there's a 20-year mandatory

minimum," defendant stated, "yes." *Id*.[1] At the conclusion of the proceeding, the

court accepted defendant's plea of guilty.[2]

        Defendant testified in support of her motion. She asserted that Terada

never informed her of the mandatory minimum sentence that she was facing. In

fact, she claimed that she did not learn of the twenty-year mandatory minimum

sentence until after she received a copy of the draft presentence report. Defendant

explained that Terada wanted her to cooperate with the government, but that

defendant told Terada that she refused to be debriefed. In essence, according to

defendant, Terada pushed her to plead guilty and cooperate without providing her

with accurate information as to her mandatory minimum sentence.

---

[1] Defendant also stated that no one made a promise to her as to what her sentence would be and that she understood that she could not withdraw from the plea if the sentence was worse or more severe than she had expected. *Id*. at 16-17.

[2] The plea agreement sets forth the factual basis for the plea, and defendant provided the court with a statement supporting her plea of guilty during the change of plea proceeding. Because defendant's instant motion does not claim factual innocence, it is unnecessary for the court to set forth the underlying facts in this order.

On cross-examination, defendant admitted that she understood that the plea agreement called for a "minimum" term of twenty years, but claimed that she believed that there was a difference between a "mandatory minimum" sentence and a "minimum" sentence. In other words, defendant contends that she did not understand that the minimum sentence referenced in the plea agreement was in fact a *mandatory* minimum sentence. She also testified that she was nervous while entering her plea, and did not recall hearing a reference to a "mandatory" minimum sentence during the plea colloquy.

Defendant offered a September 14, 2005 letter from Terada in support of her position. This letter provides information concerning defendant's sentencing guideline range, but does not mention a mandatory minimum sentence.[3] Defendant also claimed that fifteen minutes prior to the May 15, 2006 hearing on the motion to withdraw the guilty plea, Terada approached her in the courtroom, hugged her, and admitted that she had never discussed the twenty-year mandatory minimum sentence with defendant.

---

[3] Based on the quantity of drugs involved in the offense, the letter estimates a sentencing guideline range of between 11-1/4 and 15-2/3 years, depending on defendant's exact criminal history. The letter does not infer that defendant would in fact receive a sentence within this range. Instead, it simply recites guideline ranges based on the offense conduct.

Terada testified quite differently.[4]  She stated that in February 2005 she provided defendant with a copy of the indictment, the Special Information, and the relevant statutes (21 U.S.C. §§ 841 and 846), and specifically informed defendant that she was facing a mandatory minimum sentence of twenty years.  In fact, Terada claimed that when discussing sentencing with defendant, she used the phrase "mandatory minimum twenty."

Terada further testified that although she informed defendant that she faced a mandatory term of twenty years, she also explained that defendant may have her sentence reduced if she debriefed with the government.  Terada explained that debriefing would likely resulting in a motion for downward departure and a sentence within the guideline range.  According to Terada, defendant was willing to be debriefed in an effort to have her sentence reduced.  This discussion, according to Terada, led to the September 14, 2005 letter that set forth the sentencing ranges under the guidelines.  The letter, according to Terada, was intended to convey the sentence that defendant may receive if she provided substantial assistance to the government, not the sentence that she would receive without providing such assistance.

---

[4] In a separate order dated April 21, 2006, this court ruled that defendant waived, by bringing the instant motion, her attorney-client privilege with Terada with respect to all matters raised by defendant's motion.

Finally, Terada confirmed that she spoke with defendant in the courtroom prior to the May 15, 2006 hearing.  She explained, however, that she stated to defendant that she had told her about the mandatory minimum twenty year sentence, and that it was not too late for defendant to undergo a debriefing. In other words, Terada testified that she told defendant that she should reconsider going forward with this motion and agree to be debriefed instead.

### III.  ANALYSIS

Defendant claims that Terada gave her inaccurate and misleading information concerning her potential sentence, and that had she known prior to the plea that she was facing a twenty-year mandatory sentence, she would not have entered the plea.  The court finds that Terada provided accurate and timely information to defendant, and that defendant was fully informed that she was facing a twenty-year mandatory minimum sentence prior to the time that she entered her plea of guilty.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw from a plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."  Although the burden is on the defendant to demonstrate a fair and just reason to withdraw from the plea, this standard is to be applied liberally.  *United States v. Davis*, 428 F.3d

7

802, 805 (9th Cir. 2005). The defendant need not show that the plea itself was invalid in order to prevail. *Id.* at 806.

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004)[5]. A mere change of heart about the decision to plead guilty is not a "fair and just reason." *United States v. Chong*, 167 F.Supp.2d 1160, 1163 (D. Haw. 2001).

Defendant does not directly challenge the Rule 11 proceeding, the state of the evidence, or any intervening circumstances. Instead, she claims that Terada, prior to the plea, failed to inform her that she would be subject to a mandatory minimum sentence of twenty years. If true, defendant's allegations might constitute a fair and just reason to withdraw from the plea. *See United States v. Davis,* 428 F.3d at 808 (fair and just reason standard may be satisfied by showing that "counsel's gross mischaracterization plausibly *could* have motivated his decision to plead guilty."); *United States v. Jeronimo*, 398 F.3d 1149, 1155

---

[5] The Ninth Circuit has recently clarified that the failure to assert a claim of factual innocence should not count against a defendant seeking to withdraw a plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005). The court thus rejects the government's contention that defendant's failure to claim factual innocence should be considered by the court as a factor weighing against granting the motion.

(9th Cir. 2005) (guilty pleas cannot be induced by misrepresentations).  The court finds, however, as outlined below, that defendant's claim is simply not true.  To the contrary, the court finds that Terada accurately informed defendant, prior to entering the plea, that she was charged with an offense carrying a mandatory minimum sentence of twenty years.

The Rule 11 hearing was complete and thorough, strongly suggesting that defendant comprehended the plea agreement.  *See United States v. Nostratis*, 321 F.3d 1206, 1209 (9th Cir. 2003).  The plea agreement, which defendant read and discussed with Terada prior to entering the plea, sets forth the maximum penalties defendant faced, including "a minimum term of imprisonment of twenty years."  Plea agreement at ¶ 8.   When defendant entered her plea, she was fully competent and was apprised of all of her rights.  Most importantly, defendant acknowledged that she understood that she was facing a mandatory minimum term of incarceration of twenty years.  Such declarations in court, under oath, carry a "strong presumption of verity."  *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (citation omitted).  Further, the Special Information, which defendant admitted that she received, states that based on her prior federal felony drug conviction, the United States intended to seek an enhanced sentence, "including an increased mandatory minimum term."

In an effort to undermine the clear state of the record, defendant testified that Terada never informed her about the mandatory minimum sentence, that she did not understand that the "minimum sentence" language in the plea agreement required a "mandatory minimum sentence," and that she was nervous during the change of plea and thus did not comprehend the Assistant U.S. Attorney or the court.  To bolster her claim, defendant testified that Terada admitted to her in the courtroom, shortly before the start of the May 15 hearing, that she had failed to inform her of the mandatory minimum sentence.

Terada, on the other hand,  testified that she clearly and unequivocally informed defendant on several occasions, prior to the plea, that she was facing a mandatory minimum sentence of twenty years.  Terada also contradicted defendant's claim as to the events in the courtroom prior to a hearing on the motion.  According to Terada, she told defendant that defendant knew that Terada had informed her about the mandatory minimum sentence, and that it was not too late to cooperate in an effort to obtain a reduced sentence.

The court has carefully weighed the testimony of Terada and defendant and finds that Terada was credible.  Her demeanor appeared to the court as earnest and straightforward.  Further, her version of events is consistent with the language of the plea agreement and the Rule 11 hearing.  Her explanation as to

10

why the September 14, 2005 letter referenced the guidelines and not the mandatory minimum sentence is wholly reasonable. Given the discussions that Terada and defendant had regarding debriefing in an effort to obtain a motion for downward departure, the letter was intended to convey the sentence that defendant might get if she provided substantial assistance to the government, not the sentence that she would get without providing substantial assistance. Given that the court finds, as a matter of fact, that Terada had informed defendant that she was facing a twenty-year mandatory minimum sentence prior to September 14, 2005, the letter was unlikely to cause confusion.

To the contrary, the court finds that defendant's version of events lacked credibility. Not only does the record contradict defendant's claims, but her demeanor while testifying strongly suggested to the court that she was being less than truthful.

The court finds that Terada fully and accurately informed defendant that she was charged with an offense that carried a twenty-year mandatory minimum sentence. This finding is supported by the written plea agreement, the Rule 11 colloquy, and Terada's testimony. Given this factual finding, defendant has failed to demonstrate a "fair and just reason" to withdraw from her plea.

IV.  <u>CONCLUSION</u>

For the reasons stated above, defendant's motion to withdraw from her plea of guilty is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 9, 2006.



_____
J. Michael Seabright
United States District Judge

*U.S.A. v. Bothelho*, Criminal No. 05-00071 JMS; Order Denying Defendant's Motion to Withdraw Guilty Plea