IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-00071 SOM |
| | ) | CIV. NO. 08-00566 SOM/LEK |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | VACATE, SET ASIDE, OR CORRECT |
| | ) | SENTENCE PURSUANT TO 28 |
| ZASHA BOTELHO, | ) | U.S.C. § 2255 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

I.      INTRODUCTION.

On October 24, 2005, before the Honorable J. Michael Seabright, Defendant Zasha Botelho pled guilty to Count 1 of the Indictment, which charged her with a conspiracy to

> knowingly and intentionally distribute and
> possess with intent to distribute 500 grams
> or more of a substance and mixture containing
> a detectable amount of methamphetamine, its
> salts, isomers and salts of its isomers, to
> wit, approximately 1,329 grams, a Schedule II
> controlled substance, in violation of
> Title 21, United States Code, Sections
> 841(a)(1) and (b)(1)(A).

On April 12, 2006, before she was sentenced, Botelho filed a motion to withdraw her guilty plea, claiming that her attorney, Suzanne T. Terada, had failed to inform her that she was facing a mandatory minimum term of imprisonment of twenty years.

On June 9, 2006, after holding an evidentiary hearing at which Botelho and her attorney testified, Judge Seabright

denied the motion to withdraw guilty plea.  Judge Seabright found that Terada accurately informed Botelho of the mandatory minimum sentence and that Botelho's version of the events was not credible.  Judge Seabright ruled that, "Not only does the record contradict defendant's claims, but her demeanor while testifying strongly suggested to the court that she was being less than truthful."  Order Denying Defendant's Motion to Withdraw Guilty Plea at 11 (June 9, 2006).

On August 31, 2006, Botelho was sentenced to 240 months of imprisonment and 10 years of supervised release.

On September 8, 2006, Botelho appealed.  The Ninth Circuit affirmed the judgment and conviction in a memorandum decision filed on October 1, 2007.

On December 11, 2008, Botelho timely filed the present motion under 28 U.S.C. § 2255.[1]  Botelho now states that, had her

---

[1] A federal prisoner must file a § 2255 petition within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f).  For purposes of a § 2255 petition, a judgment becomes final and the limitations period begins to run "upon the expiration of the time during which she could have sought review by direct appeal."  United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).  Accordingly, when a defendant appeals his or her conviction to the Ninth Circuit, but does not request a writ of certiorari from the Supreme Court, a judgment becomes final and the limitations period begins to run upon the expiration of the time to petition for a writ of certiorari to the Supreme Court.  Clay v. United States, 537 U.S. 522, 524-25 (2003); United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000).  In this case, the Ninth Circuit entered its judgment on appeal on October 1, 2006.  The period to petition the Supreme Court for a writ of certiorari ended 90 days later.  See Rule 13(1) of the Rules of the Supreme Court.  Botelho's § 2255 motion

attorney not been ineffective in allegedly telling her that she would not be subject to the twenty-year mandatory minimum sentence of imprisonment if she "debriefed," Botelho would not have pled guilty and would have gone to trial.  Because this court finds that statement not credible, the court denies the motion.  This judge is ruling on this motion because the original judge assigned to this case recused from it on July 10, 2009.

II.     FINDINGS OF FACT.

This court received oral testimony on July 14, 2009. Based on the live testimony and the exhibits received in evidence, the court finds the following by a preponderance of the evidence.

A.  Zasha Botelho testified on her own behalf.  Given her demeanor and the substance of her testimony, this court does not find her testimony credible.

B.  Botelho originally asked the Honorable J. Michael Seabright to allow her to withdraw her guilty plea, arguing that Terada had not told her about the twenty-year mandatory minimum sentence.  See Motion to Withdraw Guilty Plea (April 12, 2006). In an evidentiary hearing held on May 15, 2006, Botelho testified that the first time she discovered that she was subject to a mandatory minimum sentence was when she received her Presentence Investigation Report.  See Transcript of Proceedings at 10 (May

---

was filed within one-year of that date.

15, 2006). At that time, Botelho testified that, had she known that she was subject to a twenty-year mandatory minimum sentence, she would not have pled guilty. Id. at 11.

C. On June 9, 2006, Judge Seabright denied Botelho's motion to dismiss. Judge Seabright determined that Botelho was lying when she said that she had not been informed about the twenty-year mandatory minimum sentence. Botelho's attorney had credibly testified to the contrary. Moreover, Botelho's plea agreement stated that she was subject to a minimum term of imprisonment of twenty years and Botelho had told Judge Seabright that she had read and understood the plea agreement. See Plea Agreement ¶ 8; Transcript of Proceedings at 3 (Oct. 24, 2005). Botelho also told Judge Seabright that she understood that there was a twenty-year mandatory minimum sentence during her change of plea. Transcript of Proceedings at 8 (Oct. 24, 2005).

D. In her testimony in support of the present § 2255 motion, Botelho has changed her story. She now says that her attorney told her that she might not be subject to the twenty-year mandatory minimum sentence if she "debriefed." Botelho explained that she understood the "debrief" requirement to mean that all she had to do was tell the government what she herself had done, thereby allowing her attorney to make the argument that she should not be subject to the mandatory minimum sentence. See Transcript of Proceedings at 14-15 (July 14, 2009).

4

E.    Botelho says that, had she been correctly informed that she needed to substantially assist the Government in the investigation or prosecution of another person who had committed a crime, she would not have pled guilty and would have insisted on going to trial.  See Transcript of Proceedings at 27-28 (July 14, 2009).  The court does not find this statement credible.  By her actions in the earlier motion to withdraw guilty plea, Botelho has demonstrated that she is willing to lie under oath.  In that motion, Botelho claimed that she did not learn about the mandatory minimum sentence until she received the Presentence Investigation Report, despite her discussion of the subject with the court prior to her guilty plea.  At the time Botelho filed the motion to withdraw guilty plea, Botelho knew that the Presentence Investigation Report was recommending that she receive at least the mandatory minimum twenty-year sentence.  Yet, there is no mention in that motion about the present claim that Terada misinformed Botelho about what she needed to do to avoid the mandatory minimum sentence.  Instead, this argument arose only after Judge Seabright determined that Botelho had lied about not having been informed of the mandatory minimum sentence at all.

F.    The facts before this court indicate that Botelho would have pled guilty even if Terada had correctly informed Botelho about the substantial assistance necessary to avoid the

mandatory minimum sentence.  Not only has Botelho demonstrated a willingness to lie under oath, her own testimony establishes that she would have pled guilty.  In connection with the present motion, Botelho testified that she had a discussion with Terada about her chances of prevailing at trial.  Terada told Botelho that, to prevail at trial, Botelho would have to testify and that, if she was found guilty, she could get a more severe sentence if the court found that she had obstructed justice.  Botelho testified that that scared her and made her want to plead guilty.  See Transcript of Proceedings at 21 (July 14, 2009).  Additionally, Botelho indicated that she was scared of the evidence that would be presented against her at trial.  Id. at 38.

   G. In a moment of candor with the court, Botelho, responding to an apparently unanticipated question by the court, said that, had she gone to trial, she likely "would have" received the same sentence, maybe more.  See Transcript of Proceedings at 49 (July 14, 2009).  The court found this statement to be credible, as Botelho appeared to be answering it honestly and did not appear to have been "prepped" by her attorney on the subject.  Implicit in Botelho's admission that, had she gone to trial, she would have received at least the same sentence is Botelho's belief that she would have been convicted had she gone to trial.  This, combined with Botelho's statements

that she was scared of the evidence against her and that she was scared of being deemed to have perjured herself at trial, indicates that Botelho would not have gone to trial even had Terada not informed her about the substantial assistance necessary to avoid the twenty-year mandatory minimum sentence.

III.     CONCLUSIONS OF LAW.

Botelho claims that she was deprived of her constitutional right to effective assistance of counsel when Terada allegedly told her that she only had to "debrief" to avoid the mandatory minimum sentence of twenty years of imprisonment. Botelho says that, but for Terada's statement that Botelho only needed to tell the Government what she herself had done, she would not have pled guilty and would have insisted on going to trial.  This court concludes that Botelho has not demonstrated entitlement to § 2255 relief based on her claim of ineffective assistance of counsel.

A.   A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.

B.   To demonstrate a constitutionally deficient sentence based on a claim of ineffective assistance of counsel, Botelho "must show that counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Hill v. Lockart</u>, 474 U.S. 52, 57 (1985) (quoting <u>Strickland v. Wash.</u>, 466 U.S. 668, 687-88, 694 (1984)).  When, as here, a defendant asserts that his or her counsel was deficient with respect to a guilty plea, the defendant satisfies the "prejudice" requirement when the defendant shows "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59; <u>accord</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 485 (2000).

C.   Whether a defendant has satisfied the test for ineffective assistance of counsel turns on the facts of the particular case. <u>Roe</u>, 528 U.S. at 485.  When making predictions about whether a defendant would have taken certain actions but for counsel's deficient performance, courts examine the facts objectively, without regard to the idiosyncracies of the particular decisionmaker. <u>Hill</u>, 474 U.S. at 59-60.  In examining the prejudice prong with respect to a claim that, but for counsel's deficient performance, the defendant would have

appealed, the Supreme Court has explained that "evidence that there were nonfrivolous grounds for appeal or that the defendant . . . promptly expressed a desire to appeal will often be highly relevant in making this determination." Roe, 528 U.S. 485. Of course, even if a defendant does not specify the points he or she would have raised on appeal, the defendant may nevertheless be able to demonstrate the requisite prejudice when "there are other substantial reasons to believe that [the defendant] would have appealed." Id.

   D. In the present case, even if the court assumes that Terada incorrectly advised Botelho that she would not be subject to the twenty-year mandatory minimum sentence if Botelho told the Government only what she herself had done (without providing "substantial assistance in the investigation or prosecution of another person who has committed an offense" as set forth in 18 U.S.C. § 3553(a) and in § 5K1.1 of the United States Sentencing Commission Guidelines Manual), Botelho has not demonstrated "a reasonable probability" that she "would not have pleaded guilty and would have insisted on going to trial." Roe, 528 U.S. at 485; Hill, 474 U.S. at 59.

   E. As discussed in the Findings of Fact above, the court does not find Botelho to be credible in asserting that, but for Terada's alleged ineffectiveness, she would not have pled

9

guilty and would have insisted on going to trial.  Botelho presents nothing other than her unbelievable testimony that, but for Terada's unprofessional errors, there was a "reasonable probability" that she would have insisted on going to trial. Botelho therefore fails to meet her burden of establishing the prejudice necessary to demonstrate entitlement to relief on this motion.  Given this, the court need not address the truth of Botelho's claim that Terada misinformed her.  Botelho's § 2255 motion is denied.

IV.     CONCLUSION.

For the foregoing reasons, Botelho's § 2255 motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 6, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Botelho, Crim. No. 05-00071 SOM; Civ. No. 08-00566 SOM/LEK; ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255